**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        -v-                                                **13-CR-84A**

**KELLY ATKINSON,**
               **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.  Dkt. #12.

## PRELIMINARY STATEMENT

The defendant, Kelly Atkinson ("the defendant"), is charged in eighteen counts of a seventy-one count Second Superseding Indictment, with having violated: Title 18, United States Code, Section 1344 (bank fraud) (Count 1); Title 18, United States Code, Section 1349 (conspiracy to commit bank fraud) (Count 2); Title 18, United States Code, Section 1343 (wire fraud) (Counts 5-14); and, Title 18, United States Code, Section 1349 (conspiracy to commit wire fraud) (Count 15).  Dkt. #69.  Presently pending is the defendant's omnibus discovery motion.  Dkt. #55.  The government filed opposition to the motion.  Dkt. #63.  Following oral argument, in a Text Order entered on June 4, 2014, this Court denied that portion of defendant Atkinson's motion seeking a bill of particulars.  Dkt. #64.

## DISCUSSION AND ANALYSIS

**Motion for Severance**

By this request, defendant Kelly Atkinson seeks severance from his co-defendant, Brian Avery Smith. A Decision and Order on defendant's motion to sever is left to the discretion of the District Judge to whom this case is assigned, District Judge Richard J. Arcara.

**Discovery and Inspection**

In his motion, the defendant acknowledges that the government has provided a copy of discovery to defense counsel. Dkt. #44, p.4. Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A)(B) & (D), the defendant now seeks disclosure of the following:

> a. Disclosure of the names and identities of expert witnesses that the Government intends to call at trial, their qualifications, subject of testimony, and reports and the results of tests, examinations or experiments which are material to the preparation of Defendant's defense, or which are intended for use by the Government in its evidence-in-chief at trial.
>
> b. Pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure, the Defendant requests written notification of any evidence the Government intends to use at its case-in-chief that may, in any way, be subject to a motion to suppress in which the Defendant is entitled to discover pursuant to Rule 16.

Dkt. #55, p.5. In its response, the government contends that through the voluntary discovery process it has provided or made available all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B)

and believes that discovery is complete. Dkt. #63, p.10. Moreover, with respect to the defendant's request concerning expert testimony, the government states,

> [t]he government is not aware of the existence of any results or reports of physical or mental examinations, or of any scientific tests or experiments made in connection with the case. If any such examinations, tests, or experiments are conducted, results will be provided upon receipt by the government.

Dkt. #63, p.11. Accordingly, based on the representations made by the government, the defendant's request is denied as moot.

**Disclosure of Informant Information**

By this request the defendant seeks the disclosure of the names, addresses and criminal records of any informants used by the government in its investigation of this case. Dkt. #55, p.5. In its response, the government states that it is not aware of the involvement of any informants in this investigation. Moreover, the government asserts that the defendant is unable to make a sufficient showing to demonstrate that the disclosure of informant identities is essential to the effective preparation of the defense. Based on the representation of the government that it is not aware of the involvement of any informants in this investigation, the defendant's request is denied as moot.

**Brady and Giglio Material**

The government has acknowledged its affirmative, continuing duty to provide defendant with exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963) and evidence that the defendant might use to impeach the government's

3

witnesses at trial under *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. Dkt. #63, p.13. In addition, the government has further stated,

> In the instant case, the government agrees to provide impeachment Brady material, i.e., promises of leniency or immunity agreements with government witnesses, plea and/or non-prosecution agreements and letters or memorandum of understanding regarding such, criminal arrest records of all prosecution witnesses, immoral, vicious or criminal acts committed by witnesses, prior inconsistent statements, and payments to witnesses or family members thereof, and all other promises or considerations given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case.

Dkt. #63, pp.14-15. Based on these representations, the defendant's request for such materials, *i.e., Brady* and *Giglio* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa,* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa,* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the

government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Disclosure Of Evidence Pursuant To Rules 404(b), 608 And 609**

In response to the defendant's request for disclosure pursuant to Federal Rules of Evidence 404(b), 608 and 609, the government states that "[b]y way of discovery in this case, the defendants have been provided with the indication that the government's intention is to offer proof that these activities are such crimes, wrongs or acts which the government intends to introduce during its direct case at trial." Dkt. #63, p.15.

Rule 404(b) of the Federal Rules of Evidence only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is denied as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

Rule 608 of the Federal Rules of Evidence does not contain a required pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part

5

of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is denied.

**Early Disclosure of *Jencks* Material**

The defendant seeks the early disclosure of any reports and statements of government witnesses.  Dkt. #55, pp.12-13.  The government responds that it will comply with its duties under Title 18, United States Code, Section 3500.  The defendant's motion is denied based on the representations of counsel for the government.  With respect to those statements encompassed by this statute, the prosecution is not required to disclose and turn over *Jencks* statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Rough Notes**

By this request, the defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all rough notes taken as part of their investigation, regardless of whether or not the contents of the notes are incorporated in official records.  Dkt. #55, pp.14-15.  In its response, the government states, "[r]egarding rough notes, no such basis exists at this

6

time for providing the requested materials.  The government will endeavor to maintain such materials, should they exist." Dkt. #63, p.12.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to instruct the agents to retain and preserve rough notes, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).  Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case.

**Joinder**

Defendant Atkinson seeks to join in the motions filed by his co-defendant Brian Avery Smith. This request is granted with the further directive and finding that the decision made by this Court as to the co-defendant's requests contained in the omnibus motion in which this defendant joins, shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Further Relief**

By this request, the defendant, "reserves the right to make further and additional motions which may be necessitated by the Court's rulings on the relief herein. The specific requests contained in these motions are not meant to limit or preclude future requests by the Defendant for further relief from this Court as appropriate." Dkt. #55, p.16. Subject to the limitation contained in the aforesaid quotation, the defendant's request to make further and additional motions that may be necessary is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:	November 3, 2014
	Buffalo, New York


			*s/ H. Kenneth Schroeder, Jr.*
			**H. KENNETH SCHROEDER, JR.**
			**United States Magistrate Judge**